UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY D. GREEN,

                Petitioner,

-vs-                                                Case No.  8:06-cv-552-T-17EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, ATTORNEY GENERAL,
STATE OF FLORIDA,

                Respondents.
_____/

## **ORDER**

This cause is before the Court on Petitioner Corey D. Green's 28 U.S.C. § 2254 petition for writ of habeas corpus. Green challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida. The record demonstrates that, for the following reasons, Green's petition must be denied.

PROCEDURAL HISTORY

On June 22, 1999, the State filed an Information charging Green with armed burglary, robbery with a firearm, and five counts of armed kidnaping. (Exh 19: Vol. 1: R 2-5).[1] The case proceeded to a jury trial before the Honorable Donald G. Jacobsen, Circuit Judge on August 23 and 24, 2000. Green was represented by Assistant Public Defenders

---

[1] Respondent filed the four-volume record on direct appeal as Respondent's Exhibit 21. References to the documents and pleadings found in Volume 1 of the record utilize the letter "R," followed by the page number located in the lower right hand corner of the page. The trial transcript (referred to as "T") is contained in Volumes 1-4, and is paginated separately in the upper right hand corner of the page.

Melissa Wilson-Ferrie and J. Mel McKinley. During trial, the court granted the defense motion for judgment of acquittal as to the five kidnaping counts, and sent the case to the jury on the lesser included charge of false imprisonment. (Exh 19: Vol. 4: T 478). The jury returned verdicts of guilty as charged on the armed burglary and robbery with a firearm counts, and guilty of false imprisonment with a firearm on the five remaining counts. (Exh 19: Vol. 1: R 11-14). On November 6, 2000, as to the armed burglary count, the court sentenced Green to 25 years in prison with a mandatory minimum of three years for possession of a firearm. On the armed robbery, the court sentenced Green to life imprisonment as a Prison Releasee Reoffender. The court imposed five-year prison sentences on each of the five false imprisonment convictions, with the sentences on all counts running concurrently. (Exh 19: Vol. 1: R 28-36).

Green pursued a direct appeal. John Thor White, the Special Assistant Public Defender assigned to represent Green on appeal, filed an *Anders* brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 1). Counsel directed the appellate court's attention to five potential issues for review: Issue I: Whether there was sufficient evidence to sustain Appellant's conviction for the offense of burglary with a firearm; Issue II: Whether there was sufficient evidence to sustain Appellant's conviction for the offense of robbery with a firearm; Issue III: Whether the trial judge erred in allowing the FDLE analyst to testify as to shoe print patterns; Issue IV: Whether the trial court erred in allowing detective Kantor to testify that he had observed glass fragments embedded in Appellant's tennis shoes; Issue V: Whether the defendant's sentences were lawful.

Although invited by the appellate court to file a pro se brief, Green elected not to do so. (Exhibit 2). The State filed an answer brief. (Exhibit 3). On October 31, 2001, in Case No. 2D00-4579, the Second District Court of Appeal filed a per curiam unwritten opinion affirming Green's judgment and sentence. (Exhibit 4). *Green v. State*, 801 So. 2d 932 (Fla. 2d DCA 2001)[Table]. The court issued the mandate on November 26, 2001. (Exhibit 5).

On August 14, 2002, Green filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. (Exhibit 6). Green raised six allegations of ineffective assistance of trial counsel: (1) counsel was ineffective for introducing defendant's prior convictions in the form of a warrant for violation of probation during trial; (2) counsel was ineffective by failing to ensure that the State's witnesses, Deputy Kantor and Mr. Woods, had been tendered as experts before rendering expert opinion testimony; (3) counsel was ineffective for removing "inconsistent statements" from the jury instructions where several inconsistent statements were produced through the State's witnesses and where counsel failed to confer with Defendant prior to the decision to remove said instructions; (4) counsel was ineffective for failing to impeach State witness Oral Woods regarding inconsistent statements as they relate to his inability to positively identify Defendant's shoe print and testimony that they were positively identical; (5) counsel was ineffective for (a) waiving Defendant's right to testify without his intelligent consent, and (b) failing to employ the use of an expert witness to testify that the substance embedded in the soles of his shoes was either not glass or not the same glass that came from the crime scene; (6) counsel was ineffective for failing to object to the prosecution's misrepresentation of facts during closing argument. On November 14, 2002, the state court issued a written order summarily denying grounds two,

four, and six, and part of ground three, and directed the State to show cause why relief should not be granted. (Exhibit 7). The State filed its response on January 13, 2003, stating that a hearing was warranted on the unresolved claims. (Exhibit 8).

An evidentiary hearing was held before the Honorable Harvey A. Kornstein, Circuit Judge, on August 26, 2004. (Exhibit 9). Court appointed counsel, David Carmichael, Esquire, represented Green. The court heard the testimony of Green's two trial attorneys, Melissa Wilson-Ferrie, and J. Mel McKinley, and Petitioner Corey Green. Following the hearing, Green and the State submitted written closing arguments. (Exhibits 10 and 11, respectively).

On October 19, 2004, the court filed a final order denying the motion for postconviction relief. (Exhibit 12). Green filed a pro se motion for rehearing (Exhibit 13), which the court denied on November 19, 2004. (Exhibit 14). Green appealed the adverse rulings. His appointed counsel, David Carmichael, filed an initial brief raising only one issue: "Whether the court erred by denying Green's motion for ineffective assistance of counsel, when it was uncontroverted that Green did not agree to admit evidence of his probation status and that he did not knowingly waive that right in writing or on the record." (Exhibit 15). The State filed its answer brief on or about June 24, 2005. (Exhibit 16). On October 12, 2005, in Case No. 2D04-5517, the appellate court filed a per curiam unwritten opinion affirming the denial of postconviction relief. (Exhibit 17). *Green v. State*, 912 So. 2d 1226 (Fla. 2d DCA 2005)[table]. The court issued the mandate on November 2, 2005. (Exhibit 18). On November 30, 2005, Green filed a motion to recall mandate and re-establish time

limit for filing for rehearing, which the appellate court denied on December 5, 2005. (Exhibits 19 and 20, respectively).

Green apparently signed the instant federal petition on March 31, 2006, and filed the document in this Court on April 3, 2006. (Dkt.1). The petition contains three grounds alleging ineffective assistance of trial counsel: (1) counsel was ineffective for introducing Green's prior convictions in the form of a warrant for violation of probation during trial (restated); (2) counsel was ineffective for removing "inconsistent statements" from the jury instructions; (3) counsel was ineffective for failing to utilize a glass expert. Green is not entitled to relief from this Court on any of the claims presented, however, because Grounds Two and Three are unexhausted and procedurally barred, and Ground One fails to meet the threshold requirements of 28 U.S.C. § 2254(d) and (e).

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it

must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

## Ground One

Green alleges it was harmful error to allow into evidence the fact that Green had a warrant for his arrest for violation of probation. This claim was raised in his rule 3.850 proceeding under the guise of ineffective assistance of trial counsel for failing to object to such testimony or request a curative instruction. Despite Green's phrasing of this claim under Ground One as an issue of trial court error, it appears Green intends to present the same ineffective assistance of counsel claim as the one presented to the state court which was resolved after an evidentiary hearing. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, the *Strickland* test. In its order denying postconviction relief, the court made the following findings of fact and conclusions of law:

> Based on the testimony and evidence presented at the hearing, trial counsel's performance was neither ineffective nor deficient. Specifically, it was established at the evidentiary hearing that immediately upon arrest, Defendant spontaneously advised the arresting officers that he was trying to elude them because he had an outstanding warrant for his arrest for violation of probation. Additionally, throughout the representation, Defendant maintained the only reason he ran from law enforcement was because of the warrant and not because he was involved in the charged offenses. Both defense counselors testified consistently at the evidentiary hearing that the most reasonable viable defense to the charges, and to explain Defendant's running from law enforcement, was to allow the testimony of the warrant to come into evidence. Defense counsel also advised that at no time during the representation did Defendant object to this tactic or reasoning for it.
>
> Defendant, at the evidentiary haring, testified that he was never advised of his counsel's anticipated tactic, as explained above, and, as such, did not have an opportunity to object to it. This was directly contradicted by the testimony of both Mr. McKinley and Ms. Wilson-Farrie. In reviewing the issue, the Court finds defense counselors' testimony at the evidentiary hearing was more reliable, credible, and more compelling than that of Defendant.

(Exh 12: Order Denying Defendant's Motion for Postconviction Relief at p. 2).

Based upon the state court's credibility findings, which are supported in the record, the denial of postconviction relief on Ground One is objectively reasonable. It cannot be said, under the facts and circumstances of this case, that no reasonable attorney would have chosen the strategy that counsel did here. A trial counsel's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts relevant to plausible options, "are virtually unchallengeable" in an ineffective assistance of counsel claim. *Strickland,* 466 U.S. at 690. Moreover, as found by the trial court, there was no prejudice to Green because the fact that there was a warrant for his arrest for violation of probation was admissible through the police officers' testimony.

Grounds Two and Three

In Ground Two, Green contends his trial counsel was ineffective for removing "inconsistent statement" from the jury instructions, and in Ground Three he faults counsel for failing to employ the use of an expert witness to testify that the substance embedded in the shoes was either not glass or not the glass that came from the crime scene. Green properly raised both claims in his motion for postconviction relief and they were denied on their merits. However, he defaulted these two grounds by failing to raise them in his initial brief in the postconviction appeal.

In Florida, if the substance of a claim is not presented on direct appeal, exhaustion requires both the filing of a Fla. R. Crim. P. 3.850 motion and an appeal of its denial to the Florida District Court of Appeal. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a rule 3.850 motion, but also an appeal of its denial). By voluntarily dismissing his postconviction appeals, the state courts were deprived of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also, Rodwell v. Singletary*, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000)(holding that failure to appeal denial of claim raised in postconviction motion in Florida court resulted in a procedural default, citing, inter alia, *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Green*, 923 F.2d 588 (8th Cir. 1991)(claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings). Because of Green's own actions, the state appellate court did not reach the merits of his claims regarding the alleged removal of

certain jury instructions and failure to secure an expert witness, and this Court is also precluded from doing so.

The federal court must dismiss those claims or portions of claims that either have been explicitly ruled procedurally barred by the highest state court considering the claims, or are not exhausted but would clearly be barred if the petitioner returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1(1991). *See also, Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993)(Federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted).

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes,* 433 U.S. 72 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Cause must ordinarily be something external to the defense, Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted). In addition, Green does not meet the prejudice or fundamental miscarriage of justice exceptions to lift the state procedural bar. He does not suggest the existence of new and reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321(1995).

Absent a showing of cause and prejudice, federal habeas courts may not reach the merits of "*procedurally defaulted* claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." *Sawyer v. Whitley*, 505 U.S. 333, 338(1992)(emphasis in original)(citing *Murray v. Carrier*, 477 U.S. 478 (1986)). *See also, Kight v. Dugger,* 50 F.3d 1539, 1543 (11th Cir.1995).(A federal habeas court should not even discuss the merits of a claim that has been procedurally defaulted in state court). Green failed to present his claim to the state courts in a procedurally correct manner so as to necessitate review on the merits, and it is too late for him to obtain such review. Therefore, Grounds Two and Three presented in this federal petition must be dismissed as procedurally defaulted.

Furthermore, on the merits, Green is not entitled to federal habeas corpus relief on the substantive claims pressed in Grounds Two and Three. In Ground Two, Green alleges trial counsel was ineffective for removing the "inconsistent statement" instruction from the jury instructions.[2] Specifically, Green states as a factual basis that there "were inconsistencies in what vehicle actually struck the mailbox, and in examining the shoes taken from the defendant." (§ 2254 petition at p. 7). First, Green alleges that during trial "Detective Kantor testified that he didn't know which vehicle struck the mailbox, but he testify [sic] at deposition that it was the car the defendant was in that struck the mailbox," and "Officer Buckner testified that it was his vehicle that actually struck the mailbox." (§ 2254 petition at p. 7). Moreover, Green alleges "Kantor testified that he took the shoes from

---

[2] A review of the record shows defense counsel did not actually "remove" the inconsistent statements instruction; rather, counsel did not object to the omission of this instruction when proposed by the court.

the defendant at the substation and observed what appear [sic] to be glass embedded in the shoe," whereas Nancy Shipman stated in her testimony that "the defendant removed his shoes and she personally recovered them from him," then secured the shoes in an evidence bag, taped the bag, and turned it in to the property evidence room. (§ 2254 petition at pp. 7-7(a)).

In his rule 3.850 motion, Green pointed out allegedly inconsistent statements made by witnesses during trial, and other inconsistent statements between a witness's trial and deposition testimony. The state court summarily denied the allegation regarding inconsistent testimony at trial, stating in its order the following:

> Defendant also asserts that there were internally inconsistent statements made by Mr. Woods during his trial testimony and that the testimony of Deputy Buckner was inconsistent with the testimony of Deputy Kantor. Specifically, Defendant asserts that during one portion of Mr. Woods' testimony, he advised that the two shoe impressions, or "transparencies," he created from two shoes recovered by police were "similar" in size, style and tread design of a latent shoe print recovered from the scene. Mr. Woods then testified that he was unable to conclusively find that the transparencies matched the latent print, due to a lack of individualized characteristics in either one. Defendant then asserts that later in Mr. Woods' testimony, Mr. Woods advised the latent print was "identical" to the shoes recovered. However, Defendant has misread and/or misinterpreted the testimony of Mr. Woods. Although Mr. Woods clearly stated that the latent print was only "similar" to the shoes recovered after the fact, he did not change such testimony later. Mr. Woods, when asked about the transparencies, testified that the transparencies were "identical" to the soles of the shoes he used in creating the transparencies. Mr. Woods did not testify that the transparencies were "identical" to the latent print recovered at the crime scene. *See* Tr. at 444 to 459, directing specific attention to 448 lines 11-23; 450 lines 4-11; and 459, lines 4-10.
>
> In regard to the contention that the testimonies of Deputy Buckner and Deputy Kantor were inconsistent with each other, the Court finds the record conclusively refutes the contention. Defendant asserts that Deputy Kantor testified that the Defendant's car struck a residential mailbox during the apprehension of Defendant. Defendant then asserts that Deputy Buckner

-11-

> testified that his patrol vehicle struck the mailbox. Therefore, there was an inconsistency in their testimonies. While the Court agrees with Defendant's reading of Deputy Buckner's testimony, the Court finds defendant's characterization of Deputy Kantor's testimony to be inaccurate. Deputy Kantor never testified what or who struck the mailbox. *See* Tr. at 264, lines 13-14; and 465, lin 20 to 466, line 14, respectively. As a result, the Court finds no inconsistency between the testimonies of Deputy Buckner and Deputy Kantor. Therefore, to the extent the Motion asserts that there were internally inconsistent statements made by Mr. Woods during his trial testimony and that the testimony of Deputy Buckner were inconsistent with the testimony of Deputy Kantor, the ground is DENIED.

(Exh 7: Order on Defendant's Motion for Postconviction Relief and Order to Show Cause at p. 2).

The state court granted an evidentiary hearing on the issue whether defense counsel should have impeached the State's witnesses regarding inconsistencies between their trial and deposition statements. However, this claim was essentially abandoned by Green. At the beginning of the evidentiary hearing, Green's counsel announced there were only two issues to be resolved. When the State and court inquired about the "inconsistent statements" issue, counsel said he "kind of fudged those into the same category" as the allegation regarding trial counsel's failure to secure a glass expert. (Exh 9: Evidentiary hearing transcript at R 184). There were no questions directed to the witnesses relating specifically to this issue, and the issue was not mentioned in Green's written closing argument, in the court's final order denying relief, or in Green's initial brief on appeal. Accordingly, to the extent this allegation is presented as a separate allegation in the federal petition, the claim has been waived or abandoned, or fails for lack of proof.

As to Ground Three, the allegation that counsel was ineffective for failing to secure a glass expert, the state court reasonably rejected Green's argument after an evidentiary hearing. The court denied this claim for the following reasons:

> Lastly, given the specific and unique facts and turns-if-events of this case, trial counsel's decision not to secure a glass expert as a defense witness was likewise neither ineffective not deficient. Specifically, Mr. McKinley testified that throughout the trial preparation, it was understood by both counselors that no glass expert testimony was to be proffered at trial because defense counsel was successful in a Motion in Limine to exclude the State's "glass expert" as a witness. However, at trial, a law enforcement officer was allowed to testify about alleged glass fragments he found and observed on Defendant's shoes at the time of his arrest. This testimony was allowed over defense counsel's vigorous objections. Defense counsel was able to cross-examine the witness. Additionally, the shoes themselves were admitted into evidence and, therefore, subject to actual inspection by the members of the jury. Based on all of the above, the Court finds defense counsels' failure to secure their own glass expert was neither ineffective nor deficient.

(Exh 12: Order Denying Defendant's Motion for Postconviction Relief at p. 2).

In ruling on all of Green's ineffective assistance of counsel claims, the state court recognized the authority of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and correctly and reasonably applied *Strickland* to the facts of this case in reaching its legal conclusions. Therefore, under the AEDPA standard of review, Green is not entitled to federal habeas corpus relief.

Accordingly, the Court orders:

That Green's petition is denied. The Clerk is directed to enter judgment against Green and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 29, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Corey D. Green